125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ismael BARRON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria MERAS, Defendant-Appellant.
 Nos. 96-36270, 96-36309.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997**
Filed Sept. 24, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, Nos. CV-96-00625-BJR, CR-90-00323-BJR, CV-96-00659-BJR, CR-90-00323-BJR; Barbara J. Rothstein, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoners Ismael Barron and Maria Meras appeal the district court's orders denying their 28 U.S.C. § 2255 motions to vacate their narcotics convictions on the ground of ineffective assistance of counsel. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 Barron (No. 96-36270)
 
 3
 Barron contends that his trial counsel was ineffective for conceding in closing argument that Barron was guilty of dealing drugs as alleged in Counts 6 and 48 because those were the overt acts used to show his guilt in the Count 1 conspiracy count. He also contends that this admission violated his due process right to a fair trial. These contentions lacks merit.
 
 
 4
 We review de novo a district court's determination that trial counsel rendered effective assistance. See United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 5
 During closing argument, Barron's defense attorney conceded that Barron had dealt drugs as alleged in count 6 and count 48. Counsel contested the remaining counts charged in the 32-count indictment and contested the allegations that Barron was a part of a single over-arching conspiracy. In so doing, counsel was making a reasonable tactical decision to concede two lesser counts while vigorously contesting the counts carrying greater punishment. See United States v. Swanson, 943 F.2d 1070, 1075-76 (9th Cir.1991) (noting that "in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of certain charges")[1]; see also Strickland, 466 U.S. at 689 ("the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy").
 
 
 6
 Nor did counsel's concessions prejudice Barron. Count 6 involved a hand-to-hand delivery of one kilogram of cocaine by Barron and his common-law-wife Maria Meras, to a Drug Enforcement Agency agent, acting undercover. Count 48 involved a second hand-to-hand delivery by Barron and Meras of three kilograms of cocaine to the same agent; Barron and Meras were arrested directly after that transaction. The DEA agent testified at trial and her testimony regarding the transactions remained uncontroverted. In addition, numerous recorded conversations between Barron and Meras were played at trial indicating they were kilogram distributors of cocaine and heroin. Accordingly, defense counsel's concession that Barron had dealt drugs, did not prejudice Barron. See Strickland, 466 U.S. at 689. The district court's order rejecting Barron's claims that his due process rights were violated and counsel was ineffective is therefore AFFIRMED.
 
 Meras (No. 96-36270)
 
 7
 Meras contends that she was denied due process and a fair trial because the closing concessions made by Barron's defense counsel resulted in prejudice to her because (1) they were repeated, rather than cured, by her own defense attorney and (2) her attorney commented on her close link to Barron, her common-law-husband. We reject her contentions for the same reasons we rejected Barron's contentions regarding his counsel's concessions on count 6 and 48. The district court's order rejecting Meras' contention that she was denied due process is therefore
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Relying on Swanson, Barron argues that his counsel's errors were so egregious that this court should presume prejudice. See Swanson, 943 F.2d at 1074 (citing United States v. Cronic, 466 U.S. 648 (1984). However, in Swanson the defense attorney told the jurors "that no reasonable doubt existed as to his client's identity as the perpetrator of the only crime charged in the indictment" Id. at 1076-77 (emphasis added)